# J. J. BARRETT and Others v. WALTER H. MESSER.[1]

October 27, 1911.

Nos. 17,180—(23).

**Escrow — unauthorized delivery — liability for conversion.**

> A real estate agent negotiated a contract for the exchange of real estate between two of his clients, and received from one of them a check and promissory note payable to the order of the other, to be held in escrow, and not to be delivered until the maker should receive a report on the lands he was purchasing. The agent delivered the note and check contrary to the terms of the escrow agreement. *Held*, the agent was liable, in conversion, for the amount of the face of the note and check, with interest, and the burden was upon him to prove that payment could not be enforced against the maker.

Action in the district court for Hennepin county to recover $250 for negotiating a contract for the exchange of certain real estate. One counterclaim set up in the answer is stated in the opinion. The reply admitted that on June 8, 1909, defendant deposited with plaintiffs his note for $75, and alleged that upon defendant's express order the note was delivered to Drew. At the close of the evidence, plaintiffs' motion for a directed verdict in their favor was denied. The case was tried before Hale, J., and a jury which returned a verdict in favor of defendant for the sum of $100 and interest. From an order denying plaintiffs' motion for a new trial, they appealed. Affirmed.

*Edson S. Gaylord,* for appellants.
*E. J. Grover,* for respondent.

LEWIS, J.

Plaintiffs were real estate agents in the city of Minneapolis. Defendant was the owner of real estate located in the state of Wisconsin. J. F. Drew was the owner of real estate situated in the

[1]Reported in 132 N. W. 991.

state of Oregon. Plaintiffs negotiated a contract for an exchange of real estate between these owners, and brought this action to recover $250 claimed as the agreed services for so doing. The answer admitted the execution of the contract, but alleged that upon its execution defendant's check for $25 and his note for $75 payable to Drew were deposited with plaintiffs in escrow, to be delivered to Drew after defendant should have an opportunity to learn the character of the Drew land in Oregon, and the answer alleged that plaintiffs had delivered the check and note to Drew without authority before that information had been secured, and a counterclaim was pleaded to recover the face value of the check and note. The jury found for the defendant in the amount of the counterclaim.

There was a decided conflict in the testimony between plaintiffs and Drew, on one side, and defendant, on the other, and we are of the opinion that the jury was justified in finding the facts in accordance with the contention of the defendant. Plaintiffs admitted that they delivered the note and check to Drew, and it was admitted that the check was paid. The note was not paid, and it was not shown whether it had passed into the hands of an innocent purchaser. The court charged the jury that the delivery by the appellants of the note and check to Drew, contrary to the conditions of the escrow, amounted to a conversion, and that defendant might recover from plaintiffs the face value thereof, with interest. Plaintiffs' position seems to be that defendant cannot recover in this action, even if they violated the terms of the escrow contract, for the reason that he may not have to pay the note, and he should have stopped payment on the check.

Conceding that defendant's right of action against plaintiffs to recover the face of the note rests on the ground that the note is still in the hands of Drew, the payee, or has passed to an innocent purchaser, the burden was on plaintiffs to prove that the note could not be enforced against the maker. Defendant's liability on the note exists, if it is in the hands of an innocent purchaser for value, or if the contract of purchase is enforced by Drew. The note was presumptively negotiable, and the validity of the sale contract, as between Drew and defendant, was not determined in this action. What

plaintiffs' rights may be to reimburse themselves, in case defendant is not compelled to pay the note, are questions not now before the court.

Affirmed.